**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARRY CALHOUN,
Plaintiff-Appellant,

v.

ROBERT KUPEC, Warden, Eastern

No. 00-6293

Correctional Institution; ATTORNEY
GENERAL FOR THE STATE OF
MARYLAND,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-00-248-AW)

Submitted: June 6, 2000

Decided: June 19, 2000

Before LUTTIG, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Barry Calhoun, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barry Calhoun filed a 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000) petition, construed by the district court as a 28 U.S.C. § 2241 (1994) petition, challenging the Maryland Parole Commission's (the Commission) decision to deny him parole and its refusal to schedule him a parole rehearing. Calhoun alleges that the Commission's decisions were based upon Governor Glendening's 1995 pronouncement that he would only approve the Commission's recommendation of parole for inmates sentenced to life imprisonment in very limited circumstances. We find no error in the district court's dismissal of Calhoun's petition.

First, Calhoun alleged that the Commission breached his plea agreement when it declined to set a rehearing date after his initial eligibility denial. There is no constitutional right to have a parole rehearing scheduled. See Paoli v. Lally, 812 F.2d 1489, 1493-94 (4th Cir. 1987). In Paoli, this Court held that Maryland prisoners do not have a liberty interest in the holding and scheduling of rehearings because that decision is left to the discretion of the Commission. See id. The Maryland Code does not address the issue, and the regulations leave decisions regarding parole rehearings to the discretion of the Commission. See Md. Regs. Code tit. 12, § 08.01.23(B) (2000). Calhoun's claims based upon denial of a rehearing date are thus without merit.

Calhoun claims that the Commission violated his plea agreement by failing to schedule a parole rehearing. By Calhoun's account, the plea agreement only provided that he had the possibility of receiving parole after he served eleven-and-a-half years of his sentence. Calhoun received an initial parole eligibility hearing; therefore, he did have the possibility of receiving parole. The denial of parole did not violate the plea agreement.

2

Finally, to the extent that Calhoun argues that the Commission's denial, based upon the Governor's policy, is an ex post facto violation, his claim is without merit. The Ex Post Facto Clause prohibits retroactive legislative changes that alter the definition of criminal conduct or increase the penalty by which a crime is punishable. See California v. Morales, 514 U.S. 499, 504 (1995). The Clause applies only to legislative action and, in certain circumstances, actions of administrative agencies. See United States v. Ellen, 961 F.2d 462, 465 (4th Cir. 1992); Prater v. United States Parole Comm'n, 802 F.2d 948, 951 (7th Cir. 1986) (en banc). Because Calhoun is essentially challenging an executive exercise of discretion rather than an action by the Maryland General Assembly or an administrative agency to which the General Assembly has delegated authority, this claim fails. In addition, Calhoun did not allege in his petition that the Commission did not apply the statutory factors applicable to Commission decisions. See Md. Regs. Code tit. 12 § 08.01.18 (2000) (citing factors). The Commission also exercised its discretion, and, therefore, its decision did not result in an ex post facto violation.

Finding no merit in Calhoun's claims, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3